DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM.

### October, 1892.

---

JULIANNA LUSTIG, Administratrix of BERNARD LUSTIG, Deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Amendment setting up a foreign statute, in order to admit proof of it in a purely statutory action — measure of damages in an action for negligent killing — cross-examination — bias of a hostile witness.*

Bernard Lustig, having been killed in New Jersey by the negligence, as alleged, of a railroad corporation, his administratrix brought an action to recover the damages resulting from his death; at which time he had a wife and nine children.

After both sides had rested the defendant moved to dismiss the complaint upon the ground that the evidence showed that the death took place in New Jersey, and that there was no allegation in the complaint, nor proof upon the trial, of any statute in that State authorizing a recovery of damages under the circumstances set forth in the complaint; and that as no right of recovery existed at common law no cause of action had been made out. The court re-opened the case and allowed the plaintiff to amend her complaint and to supply this defect in her evidence.

*Held*, that no substantial right of the defendant was affected by the amendment, and that, within section 723 of the Code of Civil Procedure, it was properly allowed.

That it did not introduce a new cause of action.

That, in any event, such an action was purely statutory, and it was incorrect to say that the effect of the amendment was to change a common-law action into one based upon a statute.

The jury rendered a verdict of $1,400, although there was no proof made by the plaintiff of direct pecuniary loss.

*Held*, that the verdict should be allowed to stand.

That, in such cases, the basis of damages must generally be found in proof of the character, station and capacity of the deceased, and of the age, sex, circumstances and condition of his next of kin.

While a hostile witness may, upon cross-examination, be questioned as to his bias and motive, the extent of such an examination, in the absence of an abuse of discretion, must rest with the trial court.

The defendant's engineer, upon cross-examination, was asked whether his train was late upon the day of the accident, in order to see whether he would adhere to what, it was claimed, he had stated at the coroner's inquest.

*Held*, that the question was competent upon the question of credibility and intent.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 27th day of February, 1890, upon a verdict for the plaintiff for $1,400; and from an order of said court, entered in the office of the said clerk on the 28th day of February, 1890, denying a motion for a new trial after a trial at the New York Circuit before the court and a jury.

*Charles Steele*, for the appellant.

*Adolph Cohen*, for the respondent.

O'BRIEN, J.:

The action is brought to recover damages for the death of plaintiff's intestate through the defendant's negligence. The defense was that the defendant was not negligent, and that there was contributory negligence on the part of plaintiff's intestate.

It appears that on September 16, 1887, Bernard Lustig was struck or run over by one of the defendant's trains at a flag station at the Clifton race track in the State of New Jersey, and from the effect of such injuries he died, leaving the plaintiff, his widow, and nine children. On the day mentioned the deceased left Jersey City, with other passengers, to go to the race track at Clifton; and though no dispute arises, but that after the train had stopped at this flag station the deceased received the injuries which caused his death, as to the particular manner in which he was injured there is a conflict between the testimony offered by the plaintiff and that presented by the defendant. Clifton was not a regular station with suitable platforms, but was a place where the trains stopped upon a flag signal. It is conceded that in order to have the passengers

going from Jersey City to Clifton reach the race course it was necessary for them to cross over both the railroad tracks, assuming that they alighted on the proper side of the train.

Upon the part of plaintiff, testimony was offered to show that when the train stopped the passengers were invited by the conductor to get off, not on the side where a platform was, but on the side contiguous to the other track, and that the passengers thus crossed the intervening opposite track in the direction of the race course; that after certain of the passengers had alighted, the intestate, who was among the last of those to leave the train, while engaged in crossing the track was struck by an express train and killed. Other witnesses testified that the deceased, after getting off on the platform-side of the train, proceeded around to the rear, and it was while then crossing the track that he was struck by the express train. Again we have the version, which is the one the defendant insists was established by a preponderance of evidence, that the accident was due to the fact that after the intestate had alighted from the train, and while it was in the act of proceeding towards Paterson, the intestate again boarded the train and crossed over the platform of the car, and thus got on the other opposite track, where, in attempting to cross, he was struck.

We are not able to reconcile the testimony, nor is it our province. That was left to the jury, and, undoubtedly, they were inclined, after hearing the testimony of the witnesses, to adopt the plaintiff's version that the accident was caused by the conductor's invitation to the passengers to alight on the side contiguous to the opposite track of the railroad, and that for that purpose he furnished a stool upon which the passengers could step in alighting from the car. There can be no doubt that if this version is true, it presented fairly a question for the jury as to whether or not the death was not due solely to the defendant's negligence. We do not think, however, after an examination of the record, that we are called upon, any more than was the trial judge, to dispose of the question thus presented upon conflicting testimony by adopting the view contended for by appellant here and hold that the verdict was against the weight of evidence. In addition, however, to this, certain other questions are pressed upon our attention which it is necessary to examine.

After the testimony was all in and both sides had rested, the defendant, among other grounds, urged, as a reason for dismissing the complaint, " that it now appears that this death took place in the State of New Jersey, and there is neither allegation nor proof of any statute in that State authorizing a recovery. There being no right to recover damages for death at common law, the plaintiff, therefore, has failed to make out a cause of action." Plaintiff's counsel thereupon asked leave to re-open the case for the purpose of amending the complaint and alleging and introducing in evidence the statute of New Jersey authorizing a recovery for death in that State. The motion was granted, the complaint accordingly amended and evidence was offered of the New Jersey statute. This was all done over the defendant's objection and exception, and the point raised upon this appeal is that it was error thus to allow the amendment of the complaint.

Section 723 of the Code, so far as applicable to the question here, provides: " The court may upon the trial   *   *   *   in furtherance of justice   *   *   *   amend any   *   *   *   pleading   *   *   *   by inserting an allegation material to the case.   *   *   *   And in every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party."

We do not see that any substantial right of the defendant was affected by this amendment. There was no claim of surprise made upon the trial; and from the manner in which the grounds of dismissal were formulated it is quite evident that the defendant was aware of the omission long before making the motion and waited for the most favorable moment to give force and effect to this objection. Under the circumstances, therefore, it was a proper exercise of the power vested in the court — assuming that the court had the power. It is insisted, however, that the court had no power to allow the amendment as made, because, as claimed, it virtually permitted the plaintiff to set up a new cause of action. In that connection we are referred by appellant to a number of authorities.

The latest authority, *Bockes* v. *Lansing* (74 N. Y., 437), clearly points out what kind of amendments the court has no power to allow. In that case it was held, upon a trial before a referee, that the latter had no power to amend a complaint on the trial so as to

change the cause of action from one for equitable relief to one in ejectment. In this case the appellant insists that the amendment, in effect, allowed a change from a common-law action to an action upon a statute. We think, however, the appellant is mistaken in this view, because, as there could be no action at common law for negligence resulting in death, and as the only cause of action is one created by statute, it is evident that the plaintiff's cause of action was an action upon a statute. Had it been brought in respect to a cause of action arising in this State, it would have been unnecessary to plead the statute. The omission of plaintiff consisted merely in overlooking the fact that where an action is predicated upon a foreign statute, such statute must be pleaded, and upon the trial must be proven. This, therefore, was an action upon a statute; but the plaintiff omitted a material allegation, namely, the statute itself; and the amendment allowed resulted, not in changing the cause of action, but, in the language of the Code, in inserting "an allegation material to the case."

It must be conceded that the power to amend pleadings upon the trial is limited, and that no new cause of action can be introduced. In determining, however, whether a new cause of action is introduced or not, the test, as given in Davis, respondent, against this very defendant (110 N. Y., 646) is in point: "A fair test to determine as to whether a proposed amendment of a complaint is allowable under the provision of the Code of Civil Procedure (§ 723) in reference to such amendments, or whether it sets up a new cause of action, is, would a recovery on the original complaint be a bar to a recovery under the amended complaint?" Applying that test here, we think it will be seen that the court did not exceed its power in allowing the amendment to which exception was taken.

The next exception relates to the alleged error in allowing testimony with reference to the step which it was said the conductor placed for the passengers to alight on, upon the ground that such testimony was incompetent, unless it was shown that plaintiff's intestate saw the step and was misled by it into getting off on the wrong side of the train. We do not think there is any force in this objection. Taking the testimony of the witness being thus examined as true, it would show that the deceased got off on the very side of the car that the step was said to have been placed, in such a

way as necessarily to have seen it; and it was perfectly competent to show, as part of the history of the case, what provision was made for the witness, the intestate and others to get off the train.

Appellant's fourth point is that the damages awarded by the jury are excessive, because there was no evidence presented of pecuniary loss upon which a verdict could be based, and that if the complaint was not dismissed upon this ground the request that only nominal damages should be allowed should have been charged by the court. We think that this contention is disposed of by the case of Lockwood against this same defendant (98 N. Y., 523). As therein said: "The courts have found it impossible to lay down any definite guide for the jury in estimating damages under the act in question, and we will not attempt it now. * * * In but few cases arising under this act is the plaintiff able to show direct specific pecuniary loss suffered by the next of kin from the death, and generally the basis for the allowance of damages has to be found in proof of the character, quality, capacity and condition of the deceased, and in the age, sex, circumstances and condition of the next of kin. The proof may be unsatisfactory and the damages may be quite uncertain and contingent. Yet the jurors in each case must take the elements thus furnished and make the best estimate of damages they can."

The fifth point relates to the refusal of the court to charge, as requested by the defendant, that if the jury believed that the witness Weiss had any interest in the recovery in the action they were entitled to consider that fact as affecting his credibility.

The court was entirely justified in refusing any such request, because there was no evidence in the case upon which such a request could have been based. It is true that the defendant attempted to have certain evidence introduced upon cross-examination of the witness Weiss, for the purpose of showing bias or interest, which testimony was excluded. Whatever is to be said regarding the exclusion of such evidence, it is clear that after it was excluded and there was no evidence in the case to support a request such as was made to the court, it was perfectly proper to refuse the request.

This leaves us, however, to consider whether it was error to refuse to permit further cross-examination of Weiss for the purpose of showing his bias and motive. It may be stated, as a general rule, that the interest or bias of a witness may always be shown. But the

extent to which, for the purpose of showing such bias or interest, the court will permit examinations as to collateral matters is entirely within the discretion of the court, and unless such discretion is abused it will not be interfered with upon appeal. Here the counsel was permitted to ask the witness as to whether he had a personal interest in the action, to which he answered he had not; that he had none whatever; and in response to the question as to whether he had'nt advanced the money to pay the man's funeral expenses, he testified that he was obliged to, because the man worked for him. The questions objected to and objection sustained, to which defendant took exception, were: " Q. Don't you expect to get paid that back if you get a recovery in this action?" And, " Q. Have you been paid that money, Mr. Weiss?"

With respect to the first question, his expectations were a matter of perfect indifference to everybody; and the same may also be said as to whether he was paid back the money or not. Had the questions been directed to eliciting from the witness the fact as to whether or not there was any agreement that out of the recovery he was to receive what he had paid for funeral expenses, or in some other way to show that he was interested in the event of the action, another question would arise. We think, however, that the court, after allowing the principal questions as to whether he had an interest or not to be answered, properly limited the further examination in regard to the expectations of the witness in the event of a recovery by the plaintiff, and that such limitation was not error for which a judgment should be reversed.

The appellant finally insists that it was error to allow the question asked on cross-examination of the defendant's engineer, whether on that day his train was late. It will be seen, upon reading the testimony, that it was asked of him for the purpose of showing whether, upon the trial, he would adhere to what it is claimed by plaintiff's counsel he had testified to at the coroner's inquest as to his train being late on the day of the accident. Upon the question of credibility and the interest of the witness considerable latitude is always permitted on cross-examination; and in this case, as the question was directed to a fact having some bearing indirectly upon the necessity for greater or less speed, it is doubted if it had been asked

even for that purpose upon cross-examination whether it would have been error. However, it is unnecessary to decide that question, it being sufficient for this appeal to say that in the connection in which the question was asked it was not error.

We think, therefore, that the judgment and order appealed from should be affirmed, with costs.

PATTERSON, J., concurred in result; VAN BRUNT, P. J., dissented.

Judgment and order affirmed, with costs.