## CURING A TECHNICAL OMISSION TO PLEAD BY AMENDMENT AFTER VERDICT.

Superior Court of Cincinnati.

DORA B. GREENE, ADMRX., ETC. v. LOUISVILLE & NASHVILLE R. R. COMPANY.*

Decided March 14, 1924.

*Pleading—Action for Wrongful Death in a Foreign State—Failure to Plead Law of such State Authorizing Recovery—Amendment Permitted after Verdict—Motion for Judgment on Account of Omission Overruled.*

1. The technical omission to plead the law of a foreign state authorizing a recovery for wrongful death caused in such state, may be cured by an amendment to the petition after a trial and verdict and after a motion for judgment for defendant on the pleadings, has been filed.

2. Where the petition is amended by inserting a material allegation as to the law of a foreign state authorizing a recovery for wrongful death, a motion for judgment for defendant on the pleadings based on the omission of such allegation from the original petition under which the case was tried, will be overruled.

3. However, where there was no evidence concerning such foreign law at the trial and, in consequence thereof, the jury was misdirected as to such law, a motion for a new trial will be granted.

*Nichols, Morrill, Stewart & Ginter,* for plaintiff.

*Rogers & Simmonds* and *Woodward, Warfield & Dawson,* for defendant.

MARX, J.

This is an action brought by Dora B. Greene, as administratrix of the estate of her husband William B. Greene, deceased, to recover damages of the Louisville & Nashville Railroad Company which is alleged to have negligently caused the death of said William B. Greene.

The case was tried before the Court upon the pleadings and the evidence and a verdict was returned by the jury in

---

* Affirmed by the Court of Appeals, December 15, 1924.

favor of the plaintiff and assessing her damages at $20,000.00. After the verdict was returned, various motions were filed by the plaintiff and defendant which are considered by the Court in the following order:

1. A motion by the plaintiff for leave to amend her petition by setting forth the law of the State of Kentucky with respect to actions for wrongful death.

2. A motion by the defendant for judgment in its favor on the pleadings and notwithstanding the verdict.

3. A motion by the plaintiff for a new trial.

This unusual situation arises from the technical omission of the plaintiff to plead in her petition or to prove at the trial, the statutes and law of the State of Kentucky authorizing a recovery for wrongful death by the personal representative of the deceased.

The attention of the Court was first called to this omission upon the hearing of the application of the plaintiff for leave to amend her petition by adding the necessary allegation as to the Kentucky law.

The defendant objects to the proposed amendment on the ground that it is offered too late and attempts to change the cause of action pleaded in the petition from a common law action for wrongful death to a statutory action for wrongful death and is not supported by the evidence. These objections have been carefully considered by the Court. Section 11663 of the Ohio General Code provides that:

> "before or *after judgment*, in furtherance of justice and on such terms as it deems proper, the Court may amend my pleadings, * * * *by inserting other allegations material to the case* or, when the amendment does *not substantially* change the claim or defense by conforming the pleading or proceeding to the *facts proved:*" * * *

This statute sufficiently disposes of the objection that the Court is without power to permit an amendment after the return of the verdict. In furtherance of justice, Ohio Courts have uniformly held that amendments inserting

"allegations material to the case" may be made after verdict and, in certain instances, *after judgment.*

It is also argued that the proposed amendment substantially changes the claim and, if permitted, would constitute a new and different cause of action from that pleaded in the petition. This argument proceeds upon the theory that the petition pleads a common law cause of action for wrongful death and that the proposed amendment would change such cause of action to a statutory action. There is not the slightest merit to this argument. In the first place there was no common law action for wrongful death in Ohio, Kentucky, or elsewhere. While the Court does not take judicial notice of statutes and laws of a foreign state, it does take judicial notice of the statutes of the state of Ohio. Section 10770 of the General Code of Ohio provides in the second paragraph:

> "When death is caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state, in all cases where such other state, territory or foreign country allows the enforcement in its courts of the statute of this state of a like character; but in no case shall the damages exceed the amount authorized to be recovered for a wrongful neglect or default in this state, causing death. Every such action brought under this act shall be commenced within the time prescribed for the commencement of such action by the statute of such other state, territory or foreign country."

The action set forth in the original petition filed in this case was a statutory action, specifically authorized by the above section of the *General Code of Ohio.*

The only defect in the petition was the omission of an allegation with reference to the Kentucky Law and this was only important because of the rule of law that a Court

cannot take judicial notice of the law of another state and the requirement that such law be alleged and proved as other questions of fact. A directly parallel case to the one at bar is *Lustig* v. *New York, L. E. & W. R. Co.*, 20 N. Y. Supp. 477. In that case an action was brought in New York to recover for a wrongful death caused in New Jersey. At the close of the evidence, defendant moved for a directed verdict on the ground that the plaintiff did not plead or prove the New Jersey Statute authorizing a recovery for wrongful death. The plaintiff thereupon asked and was granted leave, to amend the petition by setting forth the New Jersey statute and, to reopen the case and offer evidence of the New Jersey Statute. This was done over the objection of the defendant. There was a verdict for the plaintiff and on appeal, the action of the trial court was assigned as error. However, the Supreme Court affirmed the judgment below and held that the New York Statute with respect to amendments, which is similar to the Ohio Statute, permitted the filing of the amendment.

Concerning the claim that the cause was thereby substantially changed, the Appellate Court said at *page 479*:

> "In this case the appellant insists that the amendment in effect allowed a change from a common-law action to an action upon a statute. We think, however, the appellant is mistaken in this view, because, as there could be no action at common-law for negligence resulting in death, and as the only cause of action is one created by statute, it is evident that the plaintiff's cause of action was an action upon a statute. Had it been brought in respect to a cause of action arising in this state, it would have been unnecessary to plead the statute. The omission of plaintiff consisted merely in overlooking the fact that, where an action is predicated upon a foreign statute, such statute must be pleaded, and, upon the trial, must be proven. This, therefore, was an action upon a statute; but the plaintiff omitted a material allegation, namely, the statute itself; and the amendment allowed resulted, not in changing the cause of action, but in the language of the Code, in inserting "an allegation material to the case."

A direct Ohio precedent for authority to permit the proposed amendment is found in *Stowe-Fuller Co.* v. *Dominick*, 20 C. C. (N. S.) 556; affirmed by the Supreme Court without opinion in 76 Ohio St., 593. In that case, plaintiff was an employee of the defendant and brought suit for personal injuries sustained in the course of his employment. He failed to allege that he did not have knowledge of the defective condition of which he complained, which under the law, as it then stood, was essential. An answer was filed and the case tried without any objection to the pleading. After verdict for the plaintiff, the defendant moved for judgment notwithstanding the verdict, on the ground that this essential allegation was omitted from the petition and that no cause of action was stated. The plaintiff then asked and was granted leave to amend his petition by inserting the words:

> "that he had no knowledge of the manner in which the sacks were piled."

After the amendment had been made, the motion for judgment on the pleadings was overruled but a motion for a new trial was granted. The defendant commenced proceedings in error to reverse the Court below for failure to grant the motion for judgment on the pleadings. However, the Circuit Court held that the action of the trial Julge was correct both in permitting the amendment to the petition and in overruling the motion for judgment on the petition so amended. In passing upon these questions, the Court said:

> "If, as is urged by the plaintiff in error there must be, in the case of a petition, such a complete cause of action stated before an amendment can be allowed, then our practice from time immemorial seems to have been wrong. Section 5116, Revised Statutes, provides that: 'If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by amendment, with or without costs as the court in its discretion shall direct.'
>
> Section 5061, Revised Statutes, provides for demurrer to petition when it does not state facts sufficient to constitute a cause of action. This is denominated a general demurrer, and, as has already

been said, it has been universal practice to allow amendment to the petition after the sustaining of a general demurrer, where the petition undertakes to state a cause of action so plainly set forth that it is plain upon what the plaintiff relies, and where the amendment in no wise changes what the plaintiff clearly undertook to set out in the defective pleading."

An examination of the records and briefs in the Supreme Court show that this was the only question presented to the Supreme Court and, the Supreme Court in affirming this case must necessarily have approved the action below. This section as shown by the record in the Supreme Court at page 10, was as follows:

"Octobed 26, 1904. — To Court: The parties come and are at issue and a jury is duly impaneled and sworn, who after due trial 'do find for the plaintiff and assesses his damages by reason of the premises at $1,000.00, (one thousand dollars).' Journal 157—286.

October 27, 1904. — Motion by defendant for a judgment in its favor notwithstanding the verdict of the jury with brief and notice, filed.

October 29, 1904. — Motion by defendant for a new trial, filed.

December 21, 1904. — To Court: The plaintiff has leave to amend his petition instanter by interlining after the word "Directed" in the fifth line on the second page of said petition, the words "and that he had no knowledge of the manner in which said sacks were piled;" to which the defendant excepts. Thereupon the motion by the defendant for a judgment on the pleadings, notwithstanding the verdict of the jury, is heard and upon due consideration the same is refused; to which ruling the defendant excepts. Journal 157-816."

The provision of the statute which permits amendments to conform to the evidence is an additional right to amend and not a limitation upon the right to amend by inserting allegations material to the case. Hence, the objection that

the proposed amendment does not conform to the evidence is immaterial but it is not well founded in fact. Upon the hearing of the application for leave to amend, the plaintiff introduced evidence as to the Statutes and Law of Kentucky permitting actions for wrongful death by the personal representative of the deceased. Indeed, defendant admitted in open Court that the facts set forth in the proposed amendment to the petition are true. Therefore, the proposed amendment is supported by the evidence now in the record and conforms to the proof. For these reasons, the plaintiff will be granted leave to file an amendment to his petition inserting allegations as to the law of the State of Kentucky material to the case.

Assuming that the proposed amendment will be made, the Court will then be called upon to consider the motion of the defendant for judgment upon the pleadings. In considering this motion, the Court is limited to the pleadings. No objection is made to the pleadings except the technical objection that the admitted law of Kentucky authorizing an action for wrongful death is not specifically pleaded. This is the same character of objection that can now be made in this Court when a City Ordinance is not specifically pleaded. Amendments curing such defects have been permitted without objection in innumerable cases. Since there is no other objection to the petition of the plaintiff except the omission of a specific reference to the law of Kentucky and, since this omission will be cured by the amendment permitted in this opinion prior to the determination of the motion for judgment upon the pleadings, there will then be no defect in the pleadings and the motion for judgment upon the pleadings must necessarily be overruled.

In view of the situation caused by the failure to plead or prove the Kentucky Statute prior to the verdict, it is claimed that the Court gave an erroneous instruction to the jury upon the question of damages. The Court gave to the jury exactly the instruction which the defendant asked in a special charge, namely, that the measure of damages was the pecuniary injury to the widow and child of the deceased.

The defendant now contends that the rule of damages which the defendant itself asked was erroneous according to the law of Kentucky and that the damages under the Kentucky Law should have been such a sum as will compensate the estate of the deceased for the destruction of his power to earn money.

The plaintiff claims that if the Kentucky rule of damages was given to the jury, a larger verdict would have been returned and, for failure to instruct the jury correctly, asks that a new trial be granted.

The Court feels that there were errors of law (introduced by the defendant) which operated to the prejudice of the plaintiff and, therefore, sustains the motion of the plaintiff for a new trial.