Pearson, J.
 

 It was held in the case of
 
 McDaniel
 
 v.
 
 Stoker,
 
 decided at this term, that a motion to remove or discharge a sequestration does not stand upon the footing of
 
 a
 
 motion to dissolve an injunction, in the ordinary case of an injunction
 
 to
 
 stay execution upon a judgment at law» The Court having secured the fund, will keep it secured, pending the litigation, unless the application was improvi. dently granted ; or. unless, upon the coming in of the answer, it appears, taking the whole together, that the claim, of the plaintiff is unfounded, or that, the security was unnecessary. The security in this case, was admittedly necessary ; and the only question is, whether the claim of the plaintiffs is unfounded.
 

 The plaintiffs’ title rests entirely upon the delivery of the alleged deed of gift. If it was not delivered the plaintiffs have not title. The answer denies the delivery directly and positively, and the denial is accompanied with such a detail of circumstances, as is well calculated to recommend it to belief.
 

 The fact that the supposed donee was an infant of
 
 “very tender years,”
 
 unfit to take charge of a valuable paper— that the paper was not registered for fourteen years, and the absence of any suggestion in the bill, as to the person, to whom the paper was delivered, for the benefit of the infant, especially as the plaintiffs were notified from the bill filed in Virginia, that the delivery was denied, and were thus apprised of the necessity for stating all circumstances, and putting all interrogatories, calculated to support the allegation, that a delivery had been made, or to extract an admission to that effect; these facts combined carry to the mind no slight confirmation of the truth of the denial by the defendant, and a very strong doubt of the .truth of the allegation of the plaintiffs.
 

 
 *417
 
 Another circumstance is, that the plaintiffs do not allege, that they have the original deed of gift, so as to have it in their power to proceed with the trial of the feigned action necessary to obtain the relief prayed for ; but proceed upon the idea, that they are entitled to have the property tied up during the life of the defendant, without taking any steps to have their rights adjudicated — contenting themselves with a general statement, that the deed was properly attested and delivered, and registered in Virginia and in this State, and cautiously concealing the fact, that the deed was procured to be registered in Virginia by the first husband of the plaintiff Nancy; and that they did not have the
 
 original
 
 registered in this State, but caused to be registered
 
 a copy
 
 taken from the register’s office in Virginia. This want of candor is in striking contrast with the open assertion of title by the defendant, and his frank admission of an intention to remove the property.
 

 But the most conclusive circumstance, is, that the plaintiffs have not a legal title in the remainder by their own showing. And, although a Court of Equity will not
 
 adjudicate
 
 upon a legal
 
 tide, yet it will
 
 take
 
 notice
 
 of what is necessary
 
 to
 
 constitute a valid legal title, when its aid is asked for upon the ground of the legal title, and will require, that the party should come forward with fairness and set out a title,
 
 which,primaf acie,
 
 is a good one.
 

 There is no allegation, that, by the law of Virginia, where the deed was made, a limitation over
 
 by deed,
 
 after a life estate in slaves, is valid.
 

 By the common law, such a limitation of a chattel by deed, is void ; for the life estate consumes the entire interest. We presume the common law prevails in that State, until the contrary appears.
 

 So that the plaintiffs do not snow a
 
 prima facie
 
 valid title, and have not entitled themselves to ask the extraordinary aid of this Court.
 

 
 *418
 
 The interlocutory order, disallowing the motion to remove the sequestration and continuing the sequestration, until the hearing, must be reversed with costs in both Courts.
 

 Per Curiam.
 

 Certificate ordered accordingly.