Sandidge vs. Hunt.

## No. 238.

### L. D. SANDIDGE VS. TURNER HUNT.

A petition in which is demanded by a vendee reimbursement by the vendor of taxes paid since sale, which existed anterior thereto, *and* damages sustained by him in a loss occasioned by a *private* disposition of the property, states a cause of action as to the former, but not as to the latter.

Suit for reimbursement of taxes paid is a personal action only, prescribed by ten years.

In such a suit no allegation of eviction is necessary, as a *sine qua non* for the discharge of the taxes encumbering the property acquired. It is only necessary to allege the existence and discharge of same.

While we are bound to take judicial cognizance of the principles of the common law as it prevails in other States, this is not true of the statutes of such States, which will be presumed to be just the same as our own in the absence of proof to the contrary.

It will likewise be presumed, in the absence of contrary proof, that taxes assessed under and in pursuance of the laws of Tennessee, are secured by liens and privileges as are taxes assessed under our own laws.

A PPEAL from the Second District Court, Parish of Bossier.
    *Boone,* J.

*Lowry & Vance* for Plaintiff and Appellee.

*Snider & Smith* for defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.    Plaintiff's claim is grounded on the following state of facts, viz:

That he and the defendant entered into a contract of exchange of certain real property, and the act was passed before a notary in this State.    The plaintiff sold and exchanged to the defendant his plantation, situated in Bossier parish, Louisiana, and the defendant sold and gave in exchange to the plaintiff certain city lots, with improvements, in Memphis, Tennessee.    There is a clause in the act stipulating full warranty and subrogation, in respect to the properties which are mutually conveyed, with the exception of a lot situated on Orleans street, in said city of Memphis, in reference to which there is an express exclusion of warranty.    This piece of property, however, cuts no important figure in the case. The properties each party respectively conveyed were specified in the act to be of the value of $4,000.    The plaintiff surrendered possession of his property in Bossier parish to Hunt, and the latter surrendered possession of his property in Memphis to the former.    This act of exchange and possession thereunder date in December, 1878, and the petition avers that in 1884 the property he received from Hunt " was seized and proceeded against in the city of Memphis " for delinquent and unpaid taxes, which had

Sandidge vs. Hunt.

been assessed against the property he acquired *anterior* to the exchange and against which Hunt had given and contracted an obligation of warranty in his favor. It further represents that "in this emergency *he was compelled to sell* all of the Linden street property at public auction, and received therefor $1525." He alleges that he paid, in the discharge of such taxes, penalties and costs, the sum of $542.52, on the 25th of June, 1884. It is further specially averred that "by said forced sale of said property, *owing to the emergency*, the unfavorable season of the year, *and the existing depression of values*, he was damaged in the sum of $2500, the difference between the estimated and true value of said property, by the parties in the contract of exchange and the amount received at the forced sale," and he demands of the defendant the said two sums, viz: $542.52 taxes, and $2500 damages, and prays judgment therefor.

The defendant tenders the following peremptory exceptions, to-wit:

First. No cause of action shown, because *plaintiff sold the property voluntarily*.

Second. That there is no allegation of eviction, or threatened eviction, partial or *in toto*, of which he had notice, and on which proceeding for eviction he defended, nor that he was evicted by a paramount title.

These exceptions having been by the court referred to the merits "without prejudice," defendant's counsel filed an answer, in which he pleads the general issue, and specially avers that there was no encumbrance on the property in question, and denies that the plaintiff was, by any process of law, deprived of the property, or any part thereof, "so as to make this defendant liable for breach of warranty, or for damages."

He also pleads the prescription of one, three, five, ten and twenty years, to all and singular, the demands of the plaintiff.

Judgment went against the defendant for the sum of $240.36, with interest, his pleas and exceptions having been overruled, and he appeals. In this Court the plaintiff has filed an answer, and prays an increase of the judgment to the full amount demanded in his petition.

## I.

Under the plain and unambiguous terms of the Civil Code, we think the plaintiff's petition states no cause of action, in so far as his claim for $2500 damages is concerned, as will appear by reference to the clause we have quoted above from his petition. It is a concession that he disposed of the property in greater part at a *voluntary* sale, made at public auction. It makes no difference that it *was* done on

account of financial embarrassment, depriving him of the means wherewith to discharge the taxes due on the property. Indeed, the confessed unfavorableness of the season and the *existing depression of values* " ought to have been a strong reason why he should not have disposed of the property *at a sacrifice.*

" Eviction is the loss suffered by the buyer of the totality of the thing sold, or a part thereof, *occasioned by the right or claims of a third person.*" R. C. C. 275.

To argue that the claim of, and even the seizure of the property by the State of Tennessee, justifies a *voluntary* sale and *sacrifice* of the property, if you will, under the circumstances given, may be the foundation of such a claim for damages as this, is, in our opinion, to argue against the precepts of the Civil Code. But we *do* think that this petition does state a cause of action with regard to the amount of taxes, penalties and costs he paid. The Code says that " the seller is obliged, *of course,* to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, *and against the charges claimed on such thing, which were not declared at the time of the sale.*" R. C. C. 2501, This is even so, " although, at the time of the sale, no stipulations have been made respecting the warranty." *Ibid.*

The taxes preferred by the State of Tennessee and the city of Memphis were evidently just such " charges" claimed on the thing as are contemplated by the Code. The district judge evidently entertained this view of the law, and so decided.

## II.

This is a suit for reimbursement of money expended in disencumbering the property of taxes, and not one for the collection of the taxes themselves. When payment was made, they became extinguished, and ceased to be.

Hence this is in the nature of a *personal action* and governed by the prescription of ten years. This period has not elapsed since the taxes were paid. It is alleged in the petition that the payment was made on the 25th of June, 1884, and this suit was brought on the 21st of January, 1886. The receipts, which are in evidence, show that the taxes were paid about the former date. R. C. C. 3544.

The defendant's plea of prescription is directly addressed "to the demands of the plaintiff's petition," and not to the taxes assessed by the State of Tennessee. That State taxes are levied and collected pursuant to State laws this court will assume, as a fact coming within its judicial cognizance; and, inasmuch as the statutes of the State of

Tennessee form no part of the body of the common law, we will presume that they are just the same as those of our State, in the absence of contrary proof.

It is only of the precepts of the *common law* that we are bound to take judicial notice. Copely vs. Sanford, 2 Ann. 335; Klivey vs. Sejour, 4 Ann. 128.

We are of the opinion that the pleas of prescription urged by the defendant were correctly overruled by the judge *a quo*.

### III.

The exceptions of defendant, to the effect that there is no allegation that plaintiff had been evicted of the property, or dispossessed by a paramount title, are fully answered by the provisions above quoted from Article 2501 of the Civil Code. This law obliges the seller "to warrant the buyer against the *eviction* suffered by him of the totality, or a part of the thing sold, *and* against the *charges* claimed on such thing," etc. In case the loss is sus‑ tained by an *eviction*, of course, proof of eviction is of the *essence* of the evidence required; but, if the loss is occasioned by the coerced discharge of taxes encumbering the property at the time of the sale, it is quite sufficient for the vendee to prove the *existence* of such taxes at the date of his acquisition of the property to entitle him to recoup the same from the vendor. The Code does not seem to require that such "charges" should have effected an eviction of the vendee, but it appears to us to be clear that it contemplates that the mere *existence* of such charges at the time of sale was enough to authorize the vendee to discharge same, and call on his vendor for reimbursement. It would be quite unreasonable to hold that the vendee was without right to sue because the State of Tennessee failed to give defendant due notice of the tax proceedings in the contemplated expropriation of the property. He was at the time a citizen of this State, and hence a non-resident of the State of Tennessee. Had he waited for that purpose his property might have been, in the meanwhile, sent to sale and the same conveyed to a stranger by an irredeemable title. There is no force in this contention.

### IV.

The numerous bills of exception found in the record attest the stubbornness of the contest in the court below, but the necessity for the consideration of very many of them has been obviated by our rulings in preceding paragraphs of this opinion, eliminating the plaintiff's demand for $2500 damages.

With regard to the *quantum* and sufficiency of the evidence to establish plaintiff's claim to reimbursement for prior taxes paid, we deem it sufficient for us to state, in general terms, again, that this is not a suit for the collection of taxes *eo nomine*, but for reimbursement for taxes paid. While it is true that there was no proof administered as to the existence of any tax liens, privileges or mortgages, securing said taxes in the State of Tennessee, there is sufficient evidence to show the existence and exigibility of the taxes themselves. Now, if the statutes of Tennessee are to be presumed the same as our own, we are bound to know that the taxes that were assessed in 1878 to 1884 are thus secured on the property assessed, and that no registry of such lien is required.

### V.

There seems to be no serious controversy with regard to the *amount* of the judgment appealed from.

The judge *a quo* had the testimony before him and seems to have carefully examined and analyzed it, and we shall not disturb his finding.

Judgment affirmed.