LEONARD K. SCROGGIN v. JOHN W. MCCLELLAND.

FILED SEPTEMBER 20, 1893. No. 4270.

1. **Bank Checks:** THE STATUTE OF LIMITATIONS begins to run in favor of the drawer of a check at the latest after the lapse of a reasonable time for the presentment of the check.

2. **Foreign Laws:** FAILURE TO PLEAD: PRESUMPTIONS. The courts of this state will not take judicial notice of the laws of other states, and in the absence of proof such laws will be presumed to be the same as our own.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*John M. Ragan* and *S. A. Searle,* for plaintiff in error.

*H. W. Short, contra.*

IRVINE, C.

The defendant in error sued the plaintiff in error in the district court of Nuckolls county upon a check drawn by plaintiff in error to the order of defendant in error for $746.22 upon Scroggin & Son, bankers, Mount Pulaski, Ill., and dated November 10, 1882. He alleged presentment and dishonor of the check November 14, 1888. The suit was begun February 20, 1889. The plaintiff in error in answer pleaded, first, the statute of limitations; second, that the check was presented and paid at or about the day of its date; third, matter claimed to operate in estoppel, which it will not be necessary here to notice. The reply amounts to a general denial. The case was tried to the court, a jury being waived, and there was a general finding and judgment for the defendant in error.

One of the errors assigned, and the only one which we shall notice, is that the court erred in not finding that the action was barred by the statute of limitations. This assignment raises the question as to when the statute begins to run upon a bank check in an action against the drawer of the check. A check is in some respects analogous to a bill of exchange or a note payable on demand. On notes payable on demand the statute of limitations has been held to run from the date of the note. (*Little v. Blunt,* 9 Pick. [Mass.], 488; *Wenman v. Mohawk Ins. Co.,* 13 Wend. [N. Y.], 267.) Where a drawer of a check had no funds to meet it, it was held that the statute began to run from the date of the check. (*Brush v. Barrett,* 82 N. Y., 400.)

It is true that the last case was decided upon the theory that inasmuch as the drawer had no funds in the bank to meet the check, presentment immediately would have been unavailing, and a cause of action, therefore, arose in favor

of the payee as soon as the check was given.  We can see, too, that there is a distinction between a note payable on demand and a check, as an action lies at once against the maker of a demand note without actual prior demand. (*Norton v. Ellam*, 2 M. & W. [Eng.], 461; *Burnham v. Allen*, 1 Gray [Mass.], 496; *New Hope Delaware Bridge Co. v. Perry*, 11 Ill., 467.)  Nevertheless a check is not designed for circulation, but for immediate presentment. (*First National Bank of Wymore v. Miller*, 37 Neb., 500.)

The time within which presentment must be made is quite limited.  Ordinarily, when the payee of a check and the bank upon which it is drawn are in the same town, a check must be presented before the close of banking hours the day after it is received.  (See cases cited in note to *Holmes v. Briggs*, 17 Am. State Rep. [Pa.], 804.)  Otherwise it should be forwarded for presentment the day after it is received by the payee and presented the day after it is received by the agent for collection.  Special circumstances may excuse a greater delay, but no excuse is pleaded or proved for the delay in this case.  We think that the statute should be deemed to have begun to run at the latest upon the expiration of a reasonable time for presenting the check, and that a delay for over six years would complete the bar of the statute beyond all question.

It is claimed by defendant in error that delay in presenting the check does not release the drawer unless he has been injured.  This is the rule where suit is brought within the period of limitations, but the statute in all cases bars relief.  The statute runs in favor of the drawer as well as others.  It is also claimed that the drawer has, during the whole period, resided in Illinois, and that the statutory period is there ten years.  This may be true, but it is neither pleaded nor proved.  The court cannot take judicial notice of the law of another state, but in the absence of proof it will be presumed to be like that of our own. (*Lord v. State*, 17 Neb., 526; *Bailey v. State*, 36 Id.,

808.)   Presuming the law of Illinois to be the same as our own, the action had been barred by the laws of that state at the time it was commenced here, and was, therefore, barred here. (Code of Civil Procedure, sec. 18; *Hower v. Aultman*, 27 Neb., 251.)   Aside from the failure of proof upon this point the pleadings entirely failed to present the issue.   Upon the face of the petition the action was barred, and a demurrer would have lain.

REVERSED AND REMANDED.

RYAN, C., concurs.

RAGAN, C., having been of counsel in the case, took no part in its consideration or decision.