J. W. CRAVEN, Administrator of ISABELLA CRAVEN v. W. S. RUSSELL.

*Action for Recovery of Personal Property—Pleading—Amendment—Principal and Agent—Declarations of Agent.*

1. Where, in the course of the trial of an action for the recovery of specific personal property, it developed that, at the commencement of the action, the defendant was not in posses sion of the property, having sold it immediately after plaintiff's demand, it was proper to permit plaintiff to amend his complaint so as to charge a conversion of the property; for, in such case, the scope of the action not being changed and there being no inconsistency between the action as amended and as originally begun, the defendant could not be hurt by the amendment.

2. The declarations of an agent in regard to a transaction after the termination of the agency do not affect the aforetime principal and are not admissible as testimony against the latter.

CIVIL ACTION, tried before *Greene, J.,* and a jury, at January Term, 1896, of MOORE Superior Court. From a

judgment for the defendant the plaintiff appealed. The facts are sufficiently set out in the opinion of Associate Justice MONTGOMERY.

*Messrs. Douglass & Spence*, for plaintiff (appellant).
*Messrs. W. E. Murchison* and *N. A. Sinclair*, contra.

MONTGOMERY, J.: This action was originally commenced for the recovery of certain personal property which the plaintiff alleged the defendant unlawfully withheld from him. In the course of the trial it was developed that the defendant was not in the possession of the property when the action was commenced, he having, after demand upon him and before the action was brought, sold the same and converted the proceeds to his own use. Upon this condition of things the court allowed the plaintiff's motion to amend his complaint so as to charge a conversion of the property by the defendant. The defendant excepted. There is no force in the exception. The proof requisite to make out the case after the amendment was exactly the proof required to make out the case under the original complaint, except as to that concerning the sale of the personal property; and that is no material variance. The scope of the action was not changed, and there is no inconsistency between the action as amended and the action as originally constituted. The defendant could not have been prejudiced by the amendment. *Carpenter* v. *Huffsteller*, 87 N. C., 273; *Ely* v. *Early*, 94 N. C., 1.

The defendant, Russell, a witness for himself, was allowed to testify against the objection of the plaintiff that the aforetime agent of the plaintiff's intestate, long after his agency had ceased, had told the witness that a part of the alleged debt due to the plaintiff's intestate by Glosson for advances to make the crop of 1891 was not for such

consideration, but for the purchase of a mule by Glosson in 1890. This testimony was clearly incompetent and ought not to have been received. "What an agent says in the course of doing an act in the scope of his agency, characterizing or qualifying the act, is admissible as a part of the *res gestæ*, but if his right to act in the particular matter in question has ceased, his declarations are mere hearsay which do not affect the principle. *Smith* v. *Railroad*, 68 N. C., 107. This has been approved in *Branch* v. *Railroad*, 88 N. C., 573, and in *Southerland* v. *Railroad*, 106 N. C., 100.

There is error in the proceedings of the court below as pointed out, and the plaintiff is entitled to a new trial.

New Trial.