LASSITER v. RAILROAD CO.

(Filed September 27, 1904).

1. APPEAL—*Amendments—Pleadings.*

> An appeal lies from a refusal to allow an amendment of pleadings
> on the ground of a want of power.

2. AMENDMENTS — *Pleadings — Limitations of Actions — The Code,
   sec. 233 (subsec. 2), 273, 1338.*

> Where a complaint in an action for wrongful death discloses that
> the death and wrongful act occurred in another state, but fails
> to state the law of such state, an amendment pleading it does
> not state a new cause of action, although the period of limita-
> tion prescribed by the foreign statute has elapsed.

3. *Semble,* If not pleaded and proved, the presumption is that the com-
   mon and statutory law of another state is the same as that of
   this state.

ACTION by H. C. Lassiter, administrator, against the Nor-
folk and Carolina Railroad Company, heard by *Judge W. B.
Council,* at March Term, 1904, of the Superior Court of
NORTHAMPTON County. From a judgment for the defend-
ant the plaintiff appealed.

*S. J. Calvert, Peebles & Harris, T. W. Mason* and *W. E.
Daniels,* for the plaintiff.
　*Day & Bell* and *George B. Elliott,* for the defendant.

CLARK, C. J. The complaint is a sufficient statement of
the facts constituting a cause of action (if the death had
occurred in this State) for negligently causing the death of
plaintiff's intestate by ordering him to go between cars not
equipped with improved couplers to uncouple said cars, in
obeying which order he was run over and killed. The de-

fendant demurred on the ground that the complaint dis-
closed that "the intestate came to his death in the State of
Virginia by reason of the alleged wrongful acts of the de-
fendant, but does not allege that an action for wrongful
death may be maintained in that State." Thereupon the
plaintiff asked leave to amend the complaint by pleading
the "statute law of Virginia, which gives a right of action
for negligently causing death," which motion was refused
on the ground that "the Court had no power or discretion
to allow the same, and but for such want of power the amend-
ment would be allowed." The Court further gave as a rea-
son why it did not have such power to grant the motion:
"1. Such an amendment would introduce a new cause of
action and not enlarge or amplify the cause of action
pleaded. 2. Such an amendment would deprive the defend-
ant of the benefit of the statute of limitations embraced in
the statute law of Virginia."

The refusal of an amendment on the ground of want of
power is appealable. *Martin v. Bank,* 131 N. C., 121. The
"cause of action" is the "statement of facts," upon the hap-
pening or non-happening of which the plaintiff bases his
action. The Code, sec. 233 (2), says the complaint must
contain a plain and concise "statement of facts constituting
the cause of action." Upon those facts, if true, the law
gives a "right of action." This right of action is a matter
of law of which the Court usually takes judicial notice,
but if the tort or contract accrued beyond the State line the
law of the foreign State should be pleaded and proved—not
because it is in that case a part of the "cause of action" any
more than if the transaction had taken place within the State,
but because the Court is not presumed to know the law of all
other States. Our statutes do not require the foreign statute
to be pleaded but that it must be brought to the apprehen-
sion of the Court, if a written law, by the mere exhibition

of the printed statute "contained in a book or publication purporting to have been published by the authority" of the foreign State, and "the unwritten or common law of another State may be proved as a fact by oral evidence." The Code, sec. 1338; *Copeland v. Collins,* 122 N. C., 621. There are, however, many decisions that the foreign law should be pleaded and proved. The cause of action, plus the right of action thereon, constitute what our Code styles a "good cause of action." Some authorities call it a *"whole* cause of action." 5 A. & E. Enc. (2 Ed.), 776n. The *subject* of an action is the *thing,* the wrongful act for which damages are sought, the contract which is broken, the act which is sought to be restrained, the property of which recovery is asked. The *object* of an election is the *relief* demanded, the recovery of damages or of the land or personalty sued for, the restraint or other relief demanded.

If not pleaded and proved the presumption under the authorities is that the unwritten or common law of another State is the same as the unwritten or common law in this State. Minor Confl. Laws, sec. 214, says that for as good reason the weight of authority is now that in the same absence of pleading and proof the presumption is that the written law of another State is the same as the written law here. And citing in a note the authorities, thus sums up: "Certainly the great weight of authority is in favor of the rule. Nor is it in most instances apt to work any material injustice, since a failure of both parties to present to the Court any evidence of the proper foreign law may reasonably justify the Court in presuming that neither party finds anything there which would place him in a position more advantageous than he occupies under the *lex fori,* or which would place his adversary in a less advantageous position. * * * Neither party can be injured by the presumption that the two laws are similar." Among the numerous cases, besides

those cited by Minor, *supra,* sustaining this are: *Scroggins v. McClelland,* 37 Neb., 644, 22 L. R. A., 110, 40 Am. St., 520; *Wickersham v. Johnston,* 104 Cal., 407, 43 Am. St., 118; *Kuenzi v. Elvers,* 14 La. Ann., 391, 74 Am. Dec., 434; *James v. James,* 81 Tex., 373; *Haggin v. Haggin,* 35 Neb., 375; *Monroe v. ·Douglas,* 5 Seld., 447; *Peet v. Hatcher,* 112 Ala., 514, 57 Am. St., 45; *Sandridge v. Hunt,* 40 La. Ann., 766. ·

But we do not pass upon the point and need not do so. Those authorities are as to the presumption of the law in another State being the same as ours when not shown by the printed volume or by oral evidence if the law is unwritten. An entirely different question is before us, *i. e.,* whether the trial Court has power to permit an amendment to allege the nature of the law in the State where the transaction took place, and prove it when by inadvertence such allegation has been omitted in the complaint. Such allegation does not add to or change the "cause of action" which by The Code, sec. 233 (2), is a "statement of the facts." Those facts, the death and the wrongful negligence, are already fully stated. "In such cases the law of the place where the right was acquired or the liability was incurred will govern as to the *right of action.*" *Railroad v. Babcock,* 154 U. S., 197. The failure to allege this foreign law is merely a defective statement of a good cause of action. But even if there were a failure to allege an essential fact to constitute the cause of action, The Code, sec. 273, expressly gives power to amend "by inserting other allegations material to the case." The rounding out of the complaint to cure a defective complaint, even in material matters, is not changing a cause of action nor adding a new cause, but merely making a good cause out of that which was a defective statement of a cause of action because of the omission of "material allegations" which The Code, sec. 273, author-

izes to be inserted by amendment. If the cause of action were not defectively stated there would be no need of amendment.

The difference between a "defective statement of a good cause of action" which can be amended by inserting "other material allegations," as here, and a "statement of a defective cause of action" is that the latter cannot be made a good cause by adding other allegations. *Ladd v. Ladd,* 121 N. C., 121. We have a case exactly "on all fours" with this under the New York Code, sec. 723, which is the same as our Code, sec. 273. In that case, *Lustig v. Railroad,* 20 N. Y. Supp., 477, the administratrix brought suit in New York for the death of her intestate in New Jersey caused by the wrongful act of the defendant. After both sides had rested the defendant moved to dismiss "because there was no allegation in the complaint, nor proof on the trial, of any statute in New Jersey authorizing a recovery of damages for death from wrongful injury, and that as no right of recovery existed at common law no cause of action had been made out." The trial Court re-opened the case and allowed the plaintiff to amend her complaint and to supply this defect in her evidence. This was sustained on appeal, the Court holding that it was authorized by the New York Code, sec. 723 (which, in the words of our Code, sec. 273, allows an amendment "inserting allegations material to the case"), and that this "did not add a new cause of action" nor change the cause of action, but merely perfected a defective statement of a good cause of action, defective because of the omission of this averment. For the same reason the plea of the statute of limitations would not run, because the facts of the transaction being stated in the complaint the defendant had notice of the demand from the beginning of this action. The same power of amendment to insert the allegation of the foreign statute (which had been omitted in the

complaint) was sustained and the same ruling that the amendment related back to the beginning and the statute of limitation did not bar was made in *Railroad v. Nix.,* 68 Ga., 572, in effect overruling a former Georgia decision which is the only one found in any Court to the contrary. In Tiffany on "Death by Wrongful Act," sec. 202, it is said that "if the plaintiff's right of action arises under a foreign statute he should allege and prove it," but if the complaint "fails to allege the foreign statute, an amendment alleging it, is not open to the objection that it sets up a new cause of action, although the period of limitation prescribed by the foreign statute has elapsed." In *The New York,* 175, U. S. 187, where a Canadian statute was treated as if in evidence, on the trial below, though it was not pleaded and the record did not show that it was put in evidence, the Court held on appeal that it should be treated as if pleaded and put in evidence. In *Steamship Co. v. Ins. Co.,* 129 U. S., 447, the United States Supreme Court held that even after verdict, "if justice should appear to require it," it would remand the case with directions to the lower Court to allow pleadings to be amended and proof of the foreign law (of Great Britain) to be introduced.

Whether this plaintiff should recover must depend upon the facts as to the death of the plaintiff's intestate, which, if proved, as stated in the complaint, was caused by the wrongful act of the defendant. If any material allegation is omitted the Court had power to permit its insertion (The Code, sec. 273), and if the defect can be thus cured by amendment, it is a defective statement of a good cause of action, and not a defective cause of action. *Ladd v. Ladd, supra.* This is the very spirit of our present procedure, and it is but justice that when the plaintiff has sustained injury, if the complaint is imperfectly stated he should be permitted by amendment to cure the inadvertence of counsel in draw-

ing the complaint, and receive any relief to which, upon the facts of the transaction, he is entitled to recover.

A somewhat similar case is where, in a magistrate's court, in which the jurisdiction is limited by the Constitution to cases "wherein the sum demanded shall not exceed $200," though that essential averment is not made in the warrant or complaint, yet if such is the fact an amendment to make such averment will be allowed even in the appellate court. *McPhail v. Johnson,* 115 N. C., 302, and many cases there cited. In those cases, in the face of the record, there was no jurisdiction, and no cause of action that could be entertained by the court till after the amendment. Where there would be no difference in the proofs of the transaction under the amended complaint, an amendment is allowed even where the action becomes one for the conversion of property instead of one for the recovery of specific personal property. *Craven v. Russell,* 118 N. C., 564. Where, in an action to recover purchase-money there was failure to aver that the plaintiff was "willing, ready and able" to tender a good deed, amendment was allowed after the close of the evidence. *Woodbury v. Evans,* 122 N. C., 779. Where the amendment stated title in the plaintiff different from that alleged in the complaint, the Court said that "the cause of action was for the recovery of the crop, and it could make no difference how the plaintiff claimed it." *King v. Dudley,* 113 N. C., 167, cited and approved in *Simpson v. Lumber Co.,* 133 N. C., 99.

Here, there is no change or addition asked either as to the relief sought nor in "the statement of facts," which under The Code, sec. 233 (2), "constitute the cause of action," but an amendment to aver the nature of the law in Virginia and discarding, as we may, the authorities that the law there is presumed to be as here, the amendment would be at the most the "inserting of a material allega-

tion," and so expressly authorized by The Code, sec. 273. In holding that the Court had no power to permit this there was

Error.

WALKER, J., concurring in result only. I concur in the conclusion of the Court that there was error in refusing to permit the plaintiff to amend his complaint upon the ground of a want of power. He alleged facts which would have constituted a good cause of action under the statute of Virginia, if the statute had been pleaded. It is, of course, necessary to "allege and prove the foreign statute in order to recover (*Hooker v. Moore,* 50 N. C., 130), but the failure to allege it is not necessarily fatal, as it is merely the omission of an averment essential to fill out and complete the cause of action. The failure to plead the statute was evidently an inadvertence, as counsel knew very well that the plaintiff could not recover at common law, because it is one of its leading maxims that a personal right of action dies with the person—*actio personalis moritur cum persona*—and that he could not recover under our statute, because it can have no extra-territorial operation. The presumption must be that they intended to sue under the statute of Virginia, as the death occurred there and is alleged to have been caused by a negligent act committed there, and an action for the value of a life thus taken can be given only by the statute law of the place where the death occurred. The cause of action, therefore, is not so inherently defective on its face that it cannot be cured by amendment, for it is of such a nature· as to be capable of being made good by alleging and showing the local law which would impart vitality to the facts already alleged. Such an amendment is, in no reasonable view, the statement of a new cause of action. The right of amendment is denied only when the Court can see that it is

impossible for the cause of action to be perfected, or, to express the idea a little differently, when it appears affirmatively that there is not, and cannot be, a cause of action. But when the proposed amendment is germane to the facts already stated and does not entirely change their nature, the party will be allowed to reform the pleading, not to state a new cause of action, but to perfect one which has been imperfectly alleged.

I do not think though that the cases of *The New York,* 175 U. S., 187, and *Steamship Co. v. Ins. Co.,* 129 U. S., 447, are authorities in support of the right of amendment. They were cases in the Court of Admiralty and were decided upon the rule prevailing in that court—that where merits clearly appear on the record a party will be allowed to assert his rights in a new allegation, and the necessary amendment for that purpose will even be permitted in the appellate court, under certain circumstances, without remanding the case. The difference between the practice in Common Law and Admiralty Courts in this respect is pointed out in my dissenting opinion in *State v. Marsh,* 134 N. C., 189, and the authorities cited, and for convenience I refer to it, instead of repeating in this opinion what is there said.

While I assent to the conclusion of the Court, I cannot by my silence give implied approval to what is said as to the presumption of law that there is a statute in another State substantially like ours. There is, in my opinion, no such presumption, and it has been so ruled by this Court for many years and in a long and unbroken line of cases in which the rights involved were or could be only statutory, as they did not exist at common law. In *Hooper v. Moore,* 50 N. C., 130, the Court, by *Pearson J.,* says: "What is the law of another State or of a foreign country is as much

'a question of law' as what is the law of our own State. There is this difference, however: The Court is presumed to know judicially the public laws of our State, while in respect to private laws and the laws of other States and foreign countries this knowledge is not presumed; it follows that the existence of the, latter must be alleged and proved *as facts,* for otherwise the Court can not know or take notice of them. This is familiar learning. 3 Wooddenson Lec., 175." To the same effect are the following cases: *Knight v. Wall,* 19 N. C., 125; *Moore v. Gwynn,* 27 N. C., 187; *State v. Jackson,* 13 N. C., 564; *Hilliard v. Outlaw,* 92 N. C., 266. The settled doctrine of this Court might be convincingly shown by multiplying the cases, but I do not deem it necessary to do so, as the numerous decisions upon the subject are perfectly familiar to us. I do not think the principle established by this Court should be questioned, even by an intimation that it can be open to doubt, and, therefore, to discussion. Referring to the rule as thus adopted by this Court, Minor, in his excellent treatise on the Conflict of Laws, at page 531, says: "If the foreign law in issue is the unwritten law of a State not originally subject to the common law, or, in any event, if it is a statute or written law, the above presumption does not apply, and, in strictness, it would seem that there were no other probabilities one way or the other in general that would justify any presumption as to the foreign law. Under this view, it is a fact open to inquiry, susceptible of proof, and, like any other material fact, must be proved, in order to sustain the allegations. Without such proof, the case of the defense founded thereon simply falls to the ground. To this strictly logical view some of the courts have subscribed."

In the cases of *The New York* and *Steamship Co. v. Ins. Co., supra,* cited in the opinion of the Court, it is said:

"The rule that the courts of one country can not take cognizance of the law of another without plea and proof, has been constantly maintained at law and in equity in England and America." And again: "Upon all principles of common jurisprudence, foreign law is always to be proved as a fact."

In the absence of any proof of a statute or of any change of the common law in another State, it is always presumed in the Courts of this State that the common law as administered in our courts prevails there. *Griffin v. Carter,* 40 N. C., 413; *Brown v. Pratt,* 56 N. C., 202. But this presumption, as I have shown, does not obtain as to the statute law.

I am requested to state that *Mr. Justice Connor* concurs in this opinion.