E. B. CAPPS, ADMINISTRATOR, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 22 March, 1922.)

1. **Railroads—Employer and Employee—Commerce—Federal Employers' Liability Act.**

    In an action to recover for the wrongful death of the plaintiff's intestate under the Federal Employers' Liability Act, it must be alleged and shown that the intestate, when the injury occurred causing his death, was engaged in the course of his employment in doing some act in relation to interstate commerce, as well as that his employer was also therein engaged with regard to the subject-matter of the action.

2. **Same—Statutes—Courts—Conflict of Laws—Jurisdiction.**

    The Federal Employers' Liability Act, in its application to a recovery of damages of a railroad company for a wrongful death, operates in relation to interstate commerce, while a State statute, not in accordance therewith, operates in relation in intrastate commerce, the jurisdiction of each being exclusive in its respective field.

3. **Same — Pleadings—Amendments—Actions—Conditions—Precedent—Limitation of Actions.**

    Where a State statute gives a right of action to the personal representatives of the intestate against a railroad company, for a wrongful death not existing either under the common law or the Federal Employer's Liability Act, upon the express condition that action be commenced within

twelve months therefrom, the lapse of the statutory time not only bars the remedy but destroys the liability; and where the plaintiff has erroneously alleged a cause of action under the Federal statute alone, and attempts, after the expiration of the twelve months, by amendment, to set up a cause under the State law, the amendment will not relate back to the commencement of the action, but will be regarded in effect as a new and independent cause, the right to which the plaintiff has lost by his delay.

4. **Pleadings—Amendments—Actions—Statutes—Limitation of Actions.**

The principle by which a new cause of action may be introduced by amendment to the original complaint must be construed in connection with the right of the defendant to plead 'the statute of limitations, where the amendment in question amounts to a departure in pleading.

5. **Railroads—Employer and Employee—Master and Servant—Federal Employers' Liability Act—Statutes—Wrongful Death—Limitation of Actions—Conditions Precedent.**

A statute of Virginia gave a special right of recovery against a railroad for wrongful death upon condition of bringing action in twelve months, or upon action brought and terminating without adjudication of its merits, it required the plaintiff to bring his second action within whatever balance of the period that may then remain of the stated time. In plaintiff's action in our courts, an amendment under defendant's objection was allowed plaintiff to his original cause laid under the Federal Employers' Liability Act, thereafter removed to the Federal Court, which held the plaintiff, not having brought his action in twelve months, had lost his right under the Virginia statute, and further holding that the cause did not lie under the Federal law. Plaintiff then took a voluntary nonsuit, and within twelve months brought his action in our State court solely under the Virginia statute, whereunder the cause thereof had arisen: *Held*, by the voluntary nonsuit, and the lapse of time, plaintiff's right under the statute sued on had been lost by him. The construction of the Virginia courts of the statute in question is applied herein.

CLARK, C. J., dissenting.

APPEAL by defendant from *Allen, J.*, at November Term, 1921, of WILSON.

Civil action to recover damages for an alleged negligent injury and wrongful killing. From a verdict and judgment in favor of plaintiff, the defendant appealed.

*O. P. Dickinson for plaintiff.*
*F. S. Spruill and Carl H. Davis for defendant.*

STACY, J. The following statement of the case will suffice for our present decision:

The plaintiff's intestate, I. M. Williamson, was employed as a carpenter by the Atlantic Coast Line Railroad Company, and on 16 August,

1915, "while making investigation as to how to repair a section of the steps of a coal chute" at South Richmond, Va., he received injuries from which he died three days thereafter, 19 August.

On 15 May, 1916, plaintiff instituted suit in the Superior Court of Wilson County, North Carolina. Complaint was duly filed, specifically setting up a cause of action based on the Federal Employers' Liability Act, and alleging that, at the time of the injury, both the plaintiff's intestate and the Atlantic Coast Line Railroad Company were engaged in interstate commerce. · The defendant answered, denying liability, and further alleging that plaintiff's intestate, while in its employ, was not engaged in any work of interstate commerce. In deference to this denial and allegation, the plaintiff thereafter, on 28 June, 1917, more than twenty-two months after the death of the decedent, upon motion and over defendant's objection, was permitted to set up, by way of amendment to the original complaint, an additional or new cause of action, based on a statute of the State of Virginia, giving a right of action for wrongful death. Upon motion of defendant, the case was then removed to the District Court of the United States for the Eastern District of North Carolina; and thereafter, in said District Court, the defendant answered, setting up that the cause of action based on the Virginia law had expired by the very terms of the Virginia statute, since the complaint showed on its face that plaintiff's intestate died on 19 August, 1915, more than twelve months prior to the filing of said amendment. The act invoked and upon which the amendment is based provides that "Every such action shall be brought by and in the name of the personal representative of such deceased person, and in twelve months after his or her death." Pollard's Code of Virginia, 1904, sec. 2903.

It was held in the Federal District Court that the complaint had set out two causes of action: one based on the Federal Employers' Liability Act and the other on the statute of the State of Virginia; and further, that the latter cause of action had not been instituted within twelve months after decedent's death, and was therefore barred by the Virginia statute. The plaintiff then, and in said District Court of the United States, on 11 June, 1918, suffered a voluntary nonsuit upon the cause of action based on the Virginia statute.. The original cause was then remanded to the Superior Court of Wilson County for trial.

Thereafter, on 12 May, 1919, within twelve months after the judgment of nonsuit in the United States District Court, as above set out, and while the original suit was still pending, the plaintiff issued a new summons against the defendant herein, and on 25 June, 1919, following, filed his complaint setting out two causes of action in identically the same language as that used in the complaint and amendment thereto

CAPPS *v.* R. R.

filed in the original suit. The defendant, on 20 February, 1920, filed answer to the complaint in this second action, but made no objection to the plaintiff prosecuting two separate and independent suits in the same court at the same time with pleadings exactly alike.

At the Fall Term, 1919, of Wilson Superior Court, the original suit, based on the Federal Employers' Liability Act, was called for trial. A judgment as of nonsuit was entered upon the ground that plaintiff himself was not engaged in work of the character of interstate commerce at the time of his injury. This was affirmed on appeal, and is reported in 178 N. C., 558. The plaintiff then applied to the Supreme Court of the United States for a writ of *certiorari* to have said judgment reviewed, which said writ was denied in the summer of 1920.

Subsequently, at the May Term, 1921, of Wilson Superior Court, the case at bar was called for trial; and the defendant's plea in bar and motion to dismiss were overruled; from which ruling the defendant appealed to this Court, but said appeal was dismissed as premature. *Capps v. R. R.,* 182 N. C., 758.

Finally, at the November Term, 1921, of Wilson Superior Court, this case again came on for trial, and was heard before his Honor, Allen, J., and a jury. Upon motion of the defendant, his Honor dismissed the cause of action based on the Federal Employers' Liability Act, for that all the matters and things therein set out and complained of had been fully adjudicated and previously determined. The defendant also moved to dismiss plaintiff's second cause of action, based on the Virginia statute, upon the ground that the same had not been set up or begun within one year from the death of plaintiff's intestate, and that the action could not, therefore, be maintained. This motion was overruled, and the cause submitted to a jury, which resulted in a verdict for the plaintiff. From the judgment rendered thereon, defendant appealed.

The theory upon which his Honor below allowed a recovery herein is set out in the judgment of the Superior Court as follows:

"The defendant, in apt time, renewed its motion heretofore made to dismiss the complaint as to the second cause of action, which is laid under the statutes of the State of Virginia, as appears in the complaint, for that the said second cause of action is a new cause of action, and not a mere amendment to the original complaint, and that the same not having been filed within one year after the death of decedent, is barred by the statute. The court overruled this motion, holding as a matter of law that the cause of action set out in the three pleadings of the plaintiff, viz., the original complaint filed in the first suit, the alleged amendment thereto, and the complaint filed in the second suit, is one and the same, and submitted the issues to the jury upon the second cause of action. The defendant duly excepted."

The complaint in the first suit was based on the Federal Employers' Liability Act. The amendment to the complaint, filed in that proceeding, set up a cause of action based on the Virginia law. The judge of the United States Court, ruling on defendant's plea in bar, held that the cause of action, based on the Virginia statute, had not been instituted within twelve months after decedent's death, and hence was barred by the limitation contained in the statute under which it was brought. After this ruling, the first suit proceeded to final judgment without further amendment, and resulted in a judgment of nonsuit, as heretofore noted.

The present suit, as shown by the record, was instituted 12 May, 1919, more than three years after Williamson's death. Speaking to the question as to when suit must be brought, under the Virginia statute, the Supreme Court of that State, in *Dowell v. Cox* (Va.), 62 S. E., 272, held: "That when the declaration in an action for death by wrongful act shows on its face that the death occurred more than twelve months before action brought, advantage may be taken of the limitation by demurrer. This conclusion is clearly correct, because, in such cases, the limitation affects the right as well as the remedy." And to like effect is the holding of the same Court in *Manuel v. Norfolk & W. Ry. Co.*, 99 Va., 188. Our own decisions, dealing with a similar statute, are in full accord with the doctrine announced in the Virginia cases. In *Taylor v. Iron Co.*, 94 N. C., 525, referring to the limitation contained in the North Carolina statute which allows a recovery for wrongful death, it was said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it."

The cause of action sought to be enforced in this proceeding was not known at the common law. It was essential, therefore, that it should be based on some applicable statute. There was a Virginia statute on the subject, and also the Federal Employers' Liability Act. But these two laws dealt with different kinds of commerce, and occupied different though contiguous spheres. *St. Louis, etc., R. Co. v. Seale*, 229 U. S., 156. If the Federal statute were applicable, the State statute was excluded by reason of the supremacy of the former law. *Michigan C. R. Co. v. Vreeland*, 227 U. S., 59; *Renn v. R. R.*, 170 N. C., 128, and cases there cited. "Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling, and a recovery could not have been had under the common or statute law of the State; in other words, the Federal act would have been exclusive in its operation, not merely cumulative." *Wabash R. Co. v. Hayes,*

234 U. S., 86. Conversely, if the State statute were applicable, the Federal law was not pertinent. *Mondou v. R. R.*, 223 U. S., 1. "There can be no doubt that a right of recovery under the Federal act arises only where the injury is suffered while the carrier is engaged in inter-state commerce and while the employee is employed by the carrier in such commerce." *R. R. v. Behrens,* 233 U. S., 473. The two statutes, Federal and State, operated in different fields, the one in interstate commerce and the other in intrastate commerce, and each was controlling and exclusive in its respective field of operation. The plaintiff, at first, elected to sue under the Federal Employers' Liability Act, and specifically alleged a cause of action arising thereunder. He failed to prove his case as laid in interstate commerce. *Capps v. R. R.,* 178 N. C., 558. His second cause of action, based on the Virginia statute, was not pleaded or set up until more than twenty-two months after the death of his intestate. This right of action was therefore barred at that time, or rather lost, as it did not extend beyond the period fixed in the statute. *Phillips v. Grand Trunk, etc., Co.,* 236 U. S., 662.

"There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought. But matters of substance and matters of procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is brought is treated as pertaining to the remedy. But this is not so, if by the statute giving the cause of action, the lapse of time not only bars the remedy, but destroys the liability." *Central Vermont Ry. Co. v. White,* 238 U. S., 507.

It follows, therefore, that under the Virginia law, suit must be brought within one year from the death, or else the liability and right of action cease to exist, and this was not done in the case at bar. *Dowell v. Cox, supra.*

But passing over, for the present, any question as to whether plaintiff had the right to institute this action while another suit between the same parties and arising out of the same inquiry (if it be "one and the same" cause of action) was pending in the same court, the fact remains that the first reference made by plaintiff to the Virginia statute in any complaint, or amendment thereto, was the amendment to the original complaint, which amendment was allowed, over defendant's objection, on 28 June, 1917, more than twelve months after the death of Williamson. Hence, on 28 June, 1917, when plaintiff for the first time set up an action under the Virginia statute, by the terms of which alone he could proceed, he was too late by more than ten months.

Clearly, there were two causes of action set up and alleged by the plaintiff. A change from the one to the other not only involved a change from fact to fact—from interstate to intrastate commerce—but also a change from law to law—from the Federal to the State statute. *Union Pac. R. Co. v. Wyler,* 158 U. S., 285. Thus the amendment filed in the original proceeding, alleged a new and independent cause of action, and was therefore a departure from the initial pleading. "A departure may be either in the substance of the action or defense, or the law on which it is founded; as if a declaration be founded on the common law, and the replication attempt to maintain it by a special custom, or act of Parliament." 1 Chitty on Pleading, pp. 674, 675.

It is the general rule, and consistently held with us, that a new cause of action may be introduced by way of amendment to the original pleadings; but the established limitation on the operation of its relation to the commencement of the suit is that if the amendment introduce a new matter, or a cause of action different from the one first propounded, and with respect to which the statute of limitations would then operate as a bar, such defense or plea will have the same force and effect as if the amendment were a new and independent suit. *King v. R. R.,* 176 N. C., 301; *Belch v. R. R.,* 176 N. C., 22; *McLaughlin v. R. R.,* 174 N. C., 182; *R. R. v. Dill,* 171 N. C., 176, and cases there cited; *Deligny v. Furniture Co.,* 170 N. C., 197; *Fleming v. R. R.,* 160 N. C., 196, and *Union Pac. Ry. Co. v. Wyler, supra.*

The case of *Mitchell v. Talley,* 182 N. C., 683, contains nothing which would tend to militate against our present decision. The question there presented was whether an attachment would lie in an action for injury to the person resulting in death. We held that it would, under the broad and comprehensive terms of the sections of the Consolidated Statutes relating to attachments. The two cases are scarcely related; they are easily distinguishable.

But conceding, for the sake of argument, that by eliminating or treating as surplusage the allegation touching the subject of interstate commerce in the original complaint, and holding that, without this allegation, it may be considered as containing a defective statement of a good cause of action under the Virginia law, subject to be cured by amendment, under authority of *Lassiter v. R. R.,* 136 N. C., 89; yet, even in this event, the plaintiff is confronted with an insurmountable obstacle under the terms of the Virginia statute with respect to the institution of a second suit after the abatement or dismissal, without a determination of the merits of the previous action. In this respect, the Virginia law is different from the law of North Carolina. Sec. 2903, Pollard's Code of Virginia, already mentioned, further provides: "But if any such action is brought within said period of twelve months after

CAPPS *v.* R. R.

said party's death, and for any cause abates or is dismissed without determining the merits of said action, the time said action is pending shall not be counted as any part of said period of twelve months, and another suit may be brought within the remaining period of said twelve months as if such former suit had not been instituted."

It will be noted that, under the terms of this statute, the plaintiff is not given twelve months' after the abatement or dismissal, without a determination of the merits of the first suit, within which to bring his second action, but only the remaining period of the twelve months which had not elapsed. prior to the filing of the first suit; or, in other words, the time during which the first suit is pending is not to be counted in determining the period of twelve months from the date of decedent's death. This being the correct interpretation of the Virginia law, as declared by the Supreme Court of that State, it will be observed that the plaintiff did not start his first suit until nearly nine months after the death of his intestate. Then, on 11 June, 1918, he voluntarily submitted to a judgment of nonsuit on his second cause of action, or the one set up under the Virginia statute. Regardless as to how we may treat the allegations of the original complaint, with respect to this cause of action, they were clearly withdrawn for any such purpose when the plaintiff was nonsuited upon his own motion. He then had only three months and three days within which to bring another suit—eight months and twenty-seven days having elapsed before the institution of the first suit; and his second action, which is the case at bar, was not instituted until 12 May, 1919, eleven months and a day after his voluntary nonsuit of the Virginia cause of action in the Federal Court. This was too late, as declared by the Supreme Court of Virginia in the case of *Manuel v. Norfolk & W. Ry. Co., supra.*

Applying the above principles to the facts of the instant case, we think it is clear that the plaintiff's recovery must be denied and the action dismissed. There appears to be no logical basis upon which it may be sustained.

Action dismissed.


CLARK, C. J., dissenting: The plaintiff's intestate was killed in South Richmond in the service of the defendant while repairing a coal chute that was used for coaling and sanding engines used in both interstate and intrastate commerce. Before the expiration of the year thereafter the plaintiff qualified as his administrator in Wilson County, N. C., and brought suit in the Superior Court of that county. In filing his complaint he alleged the remedy he sought to be under the Federal Employers' Liability Act. After 12 months had expired, upon permission of the court, he filed an amended complaint in which he reiterated the matters and things alleged in the original complaint, and, in addition,

claimed the remedy under the Virginia statute. On motion of the defendant, the case was moved to the Federal Court, where a motion was made by defendant to dismiss the demand for the remedy alleged under the Virginia statute because more than 12 months had elapsed since the death of the plaintiff's intestate before filing the complaint. In the Federal Court it was held that the case was one that arose under the Federal act, but intimated that the additional remedy claimed in the amended complaint was barred by the statute of limitations. Thereupon the plaintiff submitted to a voluntary nonsuit as to that, and on his motion the cause was remanded to the State court to be tried under the Federal act.

In the State court the defendant renewed his motion to nonsuit the plaintiff on the ground that the plaintiff's intestate was not engaged in interstate commerce at the time of his death, and hence the action was not triable under the Federal act. The nonsuit was granted, and on appeal to the Supreme Court of North Carolina, this Court affirmed the decision of the lower court, and an application thereafter by the plaintiff to the Supreme Court of the United States for a writ of *certiorari* was denied. Immediately, however, after the case was remanded to the State court, the plaintiff, who had submitted to a nonsuit on his right of remedy under the Virginia statute, and before 12 months had expired, instituted a new suit in the Superior Court of Wilson. The defendant pleaded in bar, but this was overruled by Calvert, J., who held that the cause of action set out in the three pleadings, to wit: By the original complaint filed in the first suit; amendment thereto, and the complaint filed at the last suit were the same, and not two distinct causes of action. The defendant appealed, but at September term of this Court the appeal was dismissed as premature, and in the lower court the same plea was made at the October term of Wilson, before Allen, J., and overruled. The case was tried on its merits, and a verdict of $8,000 was awarded, and from the judgment the defendant appealed.

It would seem clear that the sole question is whether or not the cause of action set out in the three pleadings, to wit: The complaint filed in the first suit, seeking the remedy under the Federal Employers' Liability Act; the amendment adding to that action on the same facts a recovery under the remedy allowed under the Virginia act; and the complaint filed in the second action brought in Wilson were on the same cause of action. The cause of action is one and the same—the wrongful death, which occurred but once, and therefore under the identical circumstances and at the time set out in all three complaints. The jury have settled, upon the facts, that the death of plaintiff's intestate was caused by the wrongful act of the defendant, and that $8,000 is a just measure of compensation which should be awarded.

While the remedy which could be awarded for recovery under the Federal Employers' Liability Act and the remedy under the Virginia act may be somewhat different, the fact remains that there is and can be only one cause of action. Whether the plaintiff claimed a remedy under one act or the other, there was but one cause of action. It would follow, therefore, that when the amendment was allowed to set up a claim for the Virginia remedy, it was not another or different cause of action, but like a second count in a bill of indictment where the transaction is stated in a different form but in reference to the same offense.

When the plaintiff brought his action for the wrongful death, which was valid under the Virginia statute and under the Federal act, if in either a wrong remedy was asked it in no wise affected the statute of limitations of the cause of action. The proceedings in each was in a court having proper jurisdiction, and the subsequent addition, not of another cause of action, but of a claim for a somewhat different remedy, in no wise affected it.

If these were separate and distinct causes of action for the same wrong, then if the plaintiff—who could not guess in advance how the Court would hold—had sought to join them, the action would have been demurrable as multifarious. If he had brought two separate and distinct actions, then the defendant could have pleaded the pendency of two actions for the same transaction. This would be worse than the former system of pleading by which if a man did not guess as to what the Court might hold was the proper form of action he would go out of court again and again until he could guess the form of action which the judge might approve; or if he had brought his action at law when it should have been a suit in equity or *vice versa,* he would go out of court.

It seems, according to the present common-sense method of pleading, that the plaintiff, who is entitled to bring an action for the wrongful death of his intestate, instituted a proceeding setting out the facts thereof, and he was in court claiming compensation for that wrong regardless whether he asked for a remedy under the Federal act or under the Virginia statute.

It follows, therefore, that he having asked, upon the identical facts set out in the complaint, relief under the Federal act, he could amend by asking the additional remedy under the Virginia statute. He could not guess how the judge might view the legal remedy applicable, and therefore the plaintiff has been in court since issuing the first writ under both statutes which give a remedy for the same wrongful death, leaving it to the courts to decide whether it was under one statute or the other.

The amendment, setting up and claiming a remedy under the Virginia statute, was not a new cause of action, and dated back to the original summons.

It is true that the plaintiff subsequently took a nonsuit as to the assertion of a claim for the remedy afforded by the Virginia statute, but he instituted a new action within 12 months, and, therefore, having come into court within the time prescribed by the Virginia Court, he was authorized to bring this new action.

In *Lassiter v. R. R.,* 136 N. C., 89, this Court held, in an action to recover damages for the death of plaintiff's intestate by wrongful act in another state, where the complaint would state a good cause of action had the death occurred in the state of the forum, an amended complaint setting forth the statute of the foreign state, which was not done in the original, does not introduce a new cause of action, nor admit the bar of the statute of limitations prescribed by the foreign statute giving the right of action. Our Code provides that "permitting an amendment setting up additional facts does not add to or change the cause of action even when there was a failure to allege an essential fact, but merely gives power to amend by inserting other allegations material to the case." "The perfecting of the complaint to cure a defect in the complaint, even in material matters, is not changing the cause of action nor adding a new cause, but merely making a good cause out of that which was a defective statement of a cause of action because of the omission of material allegations." But this is not even that case. The facts were substantially the same as set out in all three instances, to the same tenor, and the only difference is as to what remedy the plaintiff asked or was entitled to receive whether under the Virginia statute or under the Federal Employers' Liability Act.

In *Lassiter v. R. R., supra,* the Court said : "The *subject* of an action is the thing, the wrongful act for which the damages are sought, the contract which is broken, the act which is sought to be restrained, the property of which recovery is asked. The *object* of an action is the relief demanded, the recovery of damages or the land or personalty sued for, the restraint or other relief demanded." In this case there is but one state of facts, therefore there is but one cause of action; and they have been pending in court since the first writ was issued, and against that no statute of limitations has run under either statute. The demand for the damages, the relief, has been pending since the first complaint was filed, and it can make no difference that at one time the relief under the Virginia statute was added, and that at another time it was withdrawn, because during all the time this state of facts has existed in court, which the jury has found to be true, that the plaintiff's intestate, under those circumstances, came to his wrongful death by the cause of the negligence of the defendant, and damages were asked to be assessed. Whether the particular form of relief should be granted under the Virginia statute, or under the Federal statute, there has been only *one cause*

*of action* instituted. This was instituted within the statutory period, and has always been pending, and whether the relief sought was under one statute or the other, there has been no laches on the part of the plaintiff which entitled the defendant to go out of court without payment for the wrongful death that he has caused.

In the *Lassiter case* it is said: "The *cause* of action plus the *right* of action thereon constitute what our code styles a *good cause of action."* The injuries complained of in the original complaint filed by the plaintiff, together with his right to sue thereon under the statute of Virginia, constitute a good cause of action, but since the allegation left out, to wit: pleading of the Virginia statute, it was simply a *defective statement* of a good cause of action, and not a good statement of a defective cause of action, and in such cases the courts have universally held that a complaint may be amended to cure a defective statement of a good cause of action, and in such cases the amendment relates back to the time of filing the original complaint."

In *Pelton v. R. R.,* (Iowa), 150 N. W., 236-243, approved since in U. S. Supreme Court, the Court held, in effect, that if the original complaint does not allege a cause of action under the Federal act, we are of the opinion that the court had the power to permit it to be amended by alleging that the defendant was employed in interstate commerce at the time of his injury."

In *Renn v. R. R.,* 170 N. C., 128, the Court cites from *R. R. v. Wulfe,* 226 U. S., 570, and says: "In that case Sallie C. Wulfe commenced an action in the U. S. Circuit Court in her individual capacity to recover damages for the death of her son, who was killed in Kansas, under a right of action provided by statute for injury resulting in death. The defendant was engaged in interstate commerce, and the intestate was killed while employed in that commerce. The plaintiff could not sue in her individual capacity under the Federal act. More than two years after the injury the Circuit Court permitted an amendment, by which she was allowed to prosecute the action as administratrix of her son. The U. S. Supreme Court approved the amendment, and held that it was not equivalent to the commencement of a new action, so as to render it subject to the two-years limitation prescribed by section 6 of the Federal Employers' Liability Act, and that the amendment related back to the beginning of the action."

In the *Renn case* the Court said: "When the Federal Employers' Liability Act was passed, an anomalous situation was created for that there were two lines of remedies for cases of this kind emanating from different legislative jurisdictions, the one necessarily exclusive of the other, both administered by the same court, and the respective applicability of the one or the other, both determined solely by the relation, or

want of relation, of the parties to intrastate commerce. It is manifestly desirable that such an anomaly should not be made a mere pitfall, and that it should not become an undue obstacle to the prosecution of a cause of action on its larger merits." This is exactly what the plaintiff is seeking to have held by this Court on this appeal.

There was but one occurrence, creating one cause of action upon the same identical state of facts. If among those facts the jury should find that the plaintiff's intestate was killed while employed in intrastate commerce, that would entitle the plaintiff to recover the remedy prescribed by the Virginia statute. If, on the contrary, the jury should determine at the trial that the plaintiff's intestate was killed while engaged in interstate commerce, then the plaintiff would be entitled to recover the remedy prescribed by the Federal Employers' Liability Act. The merits are the same in either case. Whether the intestate was engaged in inter- or intrastate commerce does not affect either the *cause* of action or the *right* of action, nor the jurisdiction, but merely the remedy to be granted by the same court. Our statute provides, and we have always held, that the relief demanded is immaterial, and that the plaintiff is entitled to recover whatever remedy the facts found by the jury entitle him to receive. C. S., 506 (3), and cases cited thereunder.

This being so, and there having never been but one cause of action, the statute of limitations ceased to run from the issuance of the summons in the first case, and from that time the allegations in the complaint have constituted a pending cause of action, on which, if proven, the plaintiff was entitled to recover. It might have been alleged, in claiming the recovery, that the defendant was engaged in interstate commerce, and in the same complaint, or by amendment, that he was engaged in intrastate commerce, but neither of these affected the right of action. Both could have been alleged at the same time, and if one of these were omitted it could be supplied by an amendment, and when this was done the statement of the cause of action being thus perfected, dated back to the issuance of the original summons. And when a nonsuit was taken under the Virginia cause of action, this could be reinstated within 12 months after such nonsuit in the terms of their statute.

Shifting from asking one remedy to another, or adding an additional claim for remedy upon the same state of facts, does not work any change in the cause of action. This has been often decided. In *Woodcock v. Bostic,* 128 N. C., 243, the Court held that an action at law may be converted into a suit in equity by an amended complaint when the facts of the transaction at the base of both are the same, without the statute of limitations coming into play. There are numerous decisions in the other states to the same effect, but this is a clear statement in our own Court of the basic principle of our procedure, which abolishes distinc-

13—183

tions in forms of action and the distinction formerly existing between actions at law and proceedings in equity.    In all the courts in which the reform procedure obtains, it has been held that a change from tort to contract, or *vice versa,* by amending the pleadings, is regarded as a mere variation in a matter of form.    In *Howard v. R. R.,* 11 App. D. C., 300, it was held that when an amendment has been made to a declaration, the question whether the action has been thereby opened to the bar of limitations depends upon the matter of substance.    Whether the question of action remains the same is the test, and the mere change from the form of action in *assumpsit* to one in tort is immaterial.    In several of the states where an action can be grounded upon a right conferred by statute, or upon a right at common law, it has been held that where the basic transaction is the same the change from one to the other does not make a new cause of action.

In *R. R. v. Pointer,* 113 Conn., 952, the Court held that where, in an action against a railroad corporation for negligently causing the death of the plaintiff's intestate in another state, the plaintiff omits to plead the foreign statute giving a right of action for such cause, he may amend and supply such omission, and the amendment will relate back to the commencement of the action so that the bar of the statute of limitations will not come into play.

The Supreme Court of North Carolina has repeatedly held that there is a distinction between the *cause* of action and the *right* of action, the cause being the wrongful acts which caused the death and the consequences, the right of action being the right to sue for that cause conferred by the statute, and the Supreme Court of the United States has repeatedly upheld such decisions of this Court, though in some jurisdictions a contrary doctrine has been sustained.

There has been much ingenuity in arguing that the plaintiff has lost the right to recover for the wrongful death of his intestate, but upon the plain intendment of our statutes and procedure, and in equity and justice, in this case in which the allegations in the complaint have been approved by the jury, and therefore must be taken as true, the beneficiaries of the deceased are entitled to recover compensation for the wrongful death inflicted upon him by the defendant.

Within the statutory time, the plaintiff brought this action upon the allegations of facts which have been sustained by the jury, and which, as a matter of law, whether under the Federal statute or under the Virginia statute entitle the plaintiff to recover.    The only difference has been, not as to the cause of action, or as to the damages, or as to the right of the plaintiff to recover, but whether he was entitled to the remedy granted by the Virginia statute or under the Federal statute.    This being so, and the cause of action having been pleaded and pending in court ever since

the original summons were issued, certainly the plaintiff should be entitled to recover, irrespective whether the remedy asked should be that authorized by one statute or the other, or under both, or whether both remedies were asked in the same action, or whether one was added and unaffected by the fact that in deference to the ruling of a judge who took a contrary view, a nonsuit was entered as to the demand for remedy under the Virginia statute, especially as that demand was reinstated ·in a new action instituted within 12 months, as authorized by the Virginia statute.

An action for a serious wrong in a court of justice ought not to be denied upon metaphysical distinctions, or ingenious discussions based upon a matching of wits between counsel. The judgment obtained by the plaintiff, after so long a delay, upon a verdict of the jury, in my judgment, should be affirmed.